UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60968-CIV-COHN/SELTZER

JENNIFER YOUNG, as the administratrix and
personal representative of the estate of
JERMAINE McBEAN,

    Plaintiff,

v.

PETER PERAZA, BRAD OSTROFF,
RICHARD LACERRA, and SCOTT ISRAEL,

    Defendants.
_____/

## ORDER DENYING MOTION TO STAY PROCEEDINGS

**THIS CAUSE** is before the Court upon Defendants' Motion to Stay Proceedings [DE 22] ("Motion"). The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises. The Court will deny the Motion without prejudice to renewal at a later date.

## I.  BACKGROUND

This action arises from the fatal shooting of Jermaine McBean by Defendant Peter Peraza. Peraza, a Deputy Sheriff with the Broward County Sheriff's Office, shot and killed McBean on July 31, 2013. In the operative First Amended Complaint, Plaintiff, the representative of McBean's estate, contends that the fatal shooting, a subsequent denial of emergency medical care, and an alleged cover-up of the circumstances of the shooting violated McBean's rights under the U.S. Constitution and Florida law. On this basis, Plaintiff has asserted claims against Defendants under 42 U.S.C. § 1983 and § 1985, and under Florida state law.

In the Motion, Defendants Peraza and Israel now seek a stay of this action. Peraza contends that state and federal law-enforcement agencies are investigating McBean's death, and that Peraza may face criminal charges arising from the shooting. In light of the potential prejudice Peraza may suffer if required to defend parallel civil and criminal proceedings, Defendants ask the Court to stay the instant suit until the resolution of any criminal case against Peraza.

## II.   ANALYSIS

A district court has the inherent and discretionary power to stay a case before it. See Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). A stay may be appropriate where a defendant faces parallel civil and criminal proceedings, because the defendant may suffer prejudice in the civil case if he asserts his Fifth Amendment privilege against self-incrimination. See In re Grand Jury Proceedings, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993).[1]

Where, as here, a defendant moves for a stay of a civil case because of parallel criminal proceedings, a district court may deny the motion unless the defendant shows that "special circumstances" require a stay. United States v. Lot 5, Fox Grove, Alachua Cnty., Fla., 23 F.3d 359, 363–35 (11th Cir. 1994). The mere pendency of a parallel criminal case does not give rise to "special circumstances." Id. at 364. Instead, a defendant must show that his invocation of the Fifth Amendment privilege will result in "certain loss by automatic summary judgment" in the civil case. Court-Appointed

---

[1] "The Fifth Amendment privilege against self-incrimination permits a person not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in the future criminal proceedings." SEC v. Wright, 261 F. App'x 259, 262 (11th Cir. 2008) (per curiam) (internal quotation marks omitted).

Receiver of Lancer Mgmt. Grp. LLC v. Lauer, No. 05-60584, 2009 WL 800144 at *2 (S.D. Fla. Mar. 25, 2009) (citing United States v. Two Parcels of Real Property, 92 F.3d 1123, 1129 (11th Cir. 1996)). In deciding whether a stay is mandated under this standard, a court may examine a number of factors, but most critically: "the degree and severity of overlap between the civil and criminal proceedings; whether the criminal charges are hypothetical or, by contrast, whether an indictment or its equivalent has been issued; and the specificity of the invocation of the Fifth Amendment privilege relative to the civil proceeding." Gonzalez v. Israel, No. 15-60060, 2015 WL 4164772 at *3 (S.D. Fla. July 9, 2015).

The Court finds that the circumstances of the case at bar do not require a stay. The criminal investigation of Peraza and the instant suit presumably share many factual questions. However, no indictment or similar document has been filed against Peraza, though McBean's shooting took place over two years ago. The absence of an indictment weighs heavily against a stay of a related civil case. Coquina Investments v. Rothstein, No. 10-60786, 2011 WL 2530945 at *2 (S.D. Fla. June 24, 2011); Safeco Nat'l Ins. Co. v. Corbett, No. 09-71, 2009 WL 5031359 at *2 (M.D. Ga. Dec. 14, 2009).

Further, Peraza does not discuss any specific factual issue of his defense herein that he would forfeit by invoking his Fifth Amendment privilege. To the contrary, it appears at this early stage of litigation that Peraza may be able to present his defense with evidence other than his own testimony, such as testimony from the multiple witnesses to the shooting or expert testimony. See Coquina Investments, 2011 WL 2530945 at *2 (denying stay where defendant "failed to show why it cannot substantiate its defense by using the testimony of other parties, expert testimony, or other

3

evidence"). Because Peraza has not been indicted, and because Peraza has not shown that invocation of his Fifth Amendment rights would derail his defense, he has not shown that special circumstances require a stay.

In exercising its discretion to stay a civil case pending the resolution of parallel criminal proceedings, a district court also may consider the interest of the plaintiff in proceeding expeditiously, the burden on the defendant, and the public interest. Yeomans v. Forster & Howell, Inc., No. 09-488, 2009 WL 2960387 at *1 (M.D. Ala. Sept. 10, 2009). Were the Court to grant the Motion, Plaintiff would stand to suffer prejudice as the memories of eyewitnesses faded with the passage of time during a stay that—given the unclear status of criminal proceedings against Peraza—could last indefinitely. Though Peraza would suffer inconvenience defending a civil case while under investigation for related criminal charges, this inconvenience is not independently sufficient to require a stay, as discussed above. Finally, the public has an interest in the timely resolution of this civil case, involving the death of a citizen as a result of allegedly excessive force by a police officer over two years ago, particularly where the status of any criminal charges against the officer is unknown. See Banks v. Yokemick, 144 F. Supp. 2d 272, 276 (S.D.N.Y. 2001) (noting public interest in promptly resolving claims involving excessive force by police officers). Taken together, these prudential factors weigh in favor of denying a stay.

### III. **CONCLUSION**

In the Motion, Defendants Peraza and Israel seek a stay of this action pending the resolution of criminal proceedings against Peraza. However, given the unclear status of the criminal investigation and the early stage of the instant case, Peraza has not shown that a stay is necessary. Moreover, prudential considerations of Plaintiff's

4

and the public's interests weigh against the imposition of a stay. Accordingly, Defendants' request for a stay will be denied at this time. Defendants may renew their request at a later stage in the proceedings upon a material change in circumstances. It is thereupon

**ORDERED AND ADJUDGED** that Defendants' Motion to Stay Proceedings [DE 22] is **DENIED** without prejudice to renewal upon a material change in circumstances.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of August, 2015.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF